Barnard, P. J.
The question in this case is one of fact entirely. The witnesses vary even more sharply than is usual in similar cases.
The plaintiff entered a car managed by the defendant and was carried to her home in Raymond street, Brooklyn. She gave the signal to stop and the car did stop. The plaintiff, and a companion with her, at once got up to alight.
The plaintiff was first, and before she got off the car, in some way her finger was entirely cut off, except that the end of the finger was held to the hand by a piece of skin. This was done before her companion left the car.
The plaintiff’s theory is that the finger was cut off by a sudden closing of the door by the driver of the car before the plaintiff could get off.
The car has a rear door, which is shut by the driver from his place in front. This door slides in a groove and fits into what is termed a rabbit in the side, when fully closed.
The plaintiff alighted from the left side of the car. The plaintiff testified that she put her right hand on the left *52 side of the door, and her finger was cut off while she was in that position and in the act of getting from the car. It was late at night.
The defendants produce the driver and one Levy, who was with him, who both testify that the door did not shut while the plaintiff and her companion were getting off.
The jury have found for the plaintiff. Her narrative is not improbable.
The injury was instantly proclaimed and was of a kind which could not be simulated.
The door being shut while her finger was over the rabbit would be likely to do just this injury, and the evidence fails to show any other cause for an injury such as the surgeon describes the plaintiff’s injury to have been.
Assuming the injury to have been occasioned in this way, it was a decisive case of neglect upon the part of the manager of the car. Sufficient time should have been given to enable the plaintiff to get out of the car.
■ He should have anticipated the chance that the plaintiff would sustain and steady herself by holding on the car until she was firm on the ground.
The judgment should therefore be affirmed, with costs.
Dykman and Pratt, JJ., concur.